POWERS KIRN, LLC
By: Jill Manuel-Coughlin
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant / 25-0577

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Ashley M. Kelly<br>Debtor | Chapter 13 Proceeding<br><br>25-13047 AMC |
| PENNYMAC LOAN SERVICES, LLC<br>Movant<br>v.<br>Ashley M. Kelly<br>Nicole Sogomonian, Non-Filing Co-Debtor<br>and<br>Kenneth E. West, Esquire<br>Respondents | |

**STIPULATION IN SETTLEMENT OF**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

WHEREAS, the parties hereto and their respective counsel have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin on behalf of the secured creditor, PENNYMAC LOAN SERVICES, LLC ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 347 Jackson Street, Bristol, PA 19007, mortgage account ending with 9604. The full account number should be written on all remittances to ensure that payment is properly processed.

3. Upon approval of the United States Bankruptcy Court of the within Stipulation, Debtor and Movant agree to the following:

   (a) Parties acknowledge that the current regular post-petition payment is $2,154.64.

(b) Parties acknowledge that the following amounts are currently due post-petition:

| | Quantity | From | To | Amount | |
|---|---|---|---|---|---|
| Payments: | 1 | 07/01/2026 | 07/01/2026 | $2,138.62 | $2,138.62 |
| Payments: | 2 | 08/01/2026 | 09/01/2026 | $2,154.64 | $4,309.28 |
| Attorney Fees and Costs relating to Motion for Relief: | | | | | $1,549.00 |
| Less: Debtor Suspense: | | | | | -$1,093.26 |
| **Total Post-Petition Arrearage:** | | | | | $6,903.64 |

(c) Commencing with the 10/01/2026 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note and Mortgage.

(d) Debtor agrees to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency representing all arrearages due through 09/01/2026. Debtor agrees to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation. Failure to amend the plan in accordance with the terms of this Stipulation shall constitute a default.

(e) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(f) All post-petition payments from Debtor to Movant shall be sent to PennyMac Loan Services, LLC, P.O. Box 660929, Dallas, TX 75266-0929.

(g) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(h) The Debtor shall timely tender all payments and comply with all conditions in accordance with the Stipulation.

(i) The terms of this Stipulation shall remain in full force and effect in the event the case converts to Chapter 11.

(j) If such payments or conditions are not timely made, or if the case should convert to Chapter 7, Movant may provide the Debtor, Non-filing Co-Debtor, and Debtor's counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay, and the Co-Debtor stay of 11 U.S.C. §1301, without further notice and hearing and waiving Fed. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

(k) Attorney fees and costs for issuing a Notice of Default, Certification or Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

(l) Counsel for Debtor has authority to settle this matter on behalf of the Debtor.

(m) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

/s/ **Michael A. Cibik**

Michael A. Cibik, Esquire
Attorney for Debtor
Date: September 16, 2026

/s/ Jack K. Miller, Esquire for

Kenneth E. West, Esquire
Trustee
Date: September 21, 2026

/s/ Jill Manuel-Coughlin, Esquire

Jill Manuel-Coughlin, Esquire
Attorney for Movant
Date: 09/21/2026

On this______ day of __________________, 202__ , approved by the Court.

United State Bankruptcy Judge
Ashely M. Chan